

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-5-2005

# Santiago v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4244

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Santiago v. Comm Social Security" (2005). *2005 Decisions.* Paper 900.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/900

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-4244

_____

RAUL SANTIAGO,
*Appellant*
v.

COMMISSIONER OF SOCIAL SECURITY

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. No. 03-cv-04310)
District Judge: Honorable Faith S. Hochberg

_____

Submitted Under Third Circuit LAR 34.1(a)
June 30, 2005

Before: RENDELL, BARRY and BECKER, *Circuit Judges*

(Filed:    July 5, 2005)

_____

OPINION

_____

BECKER, *Circuit Judge.*

This is an appeal by Raul Santiago from the District Court's affirmance of the

decision of the Commissioner of Social Security denying disability benefits. The question before us, of course, is whether substantial evidence supports the Commissioner's final decision that Santiago was not disabled under the Social Security Act through July 23, 2002, the date of the Administrative Law Judge's ("ALJ") decision in this case. Because we conclude that substantial evidence supports the ALJ's findings at steps three and four of the sequential evaluation, dealing with the listed impairments for the musculoskeletal system and with residual functional capacity, we affirm. Because the parties are fully familiar with the background facts and procedural history we need not set them forth, and limit our discussion to our *ratio decidendi.*

We need not dwell on the "listings" issue, for Santiago plainly did not satisfy his burden of showing that his impairments "meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). The residual functional capacity ("RFC") issue is more weighty, for there is no dispute that Santiago does not have a well or normal back, and has limitations on his ability to work. Central to the ALJ's resolution of that issue was the fact that some examining physicians considered Santiago's orthopaedic examination "unremarkable," found that Santiago had normal reflexes and muscle strength, and noted the absence of muscle spasms. Moreover, no treating or examining physician concluded that Santiago's condition precluded him from engaging in any substantial gainful activity for a continuous period of not less than

2

twelve months.

In his RFC analysis, the ALJ described Santiago's subjective complaints of pain and found them "not entirely credible" because of the lack of supporting objective medical evidence.[1] Contrary medical evidence can, of course, discredit a claimant's subjective claims of pain. Santiago attacks the Commissioner's medical evidence. However, the ALJ as the fact finder was entitled to give less weight to the reports of certain physicians, e.g. Dr. Goyal and Dr. Brown (a chiropractor), and to rely on the testing and reports of others, e.g. Dr. Hsu, Dr. deLuna, and Dr. Chirls (who testified at the hearing).

Santiago also submits that the ALJ's finding that he retained "the residual functional capacity to perform the exertional demands of light work" was not based on substantial evidence. Based upon the medical evidence, the ALJ reasoned that Santiago retains the RFC to perform the exertional demands of light work, or work which requires

_____

[1]As Judge Hochberg noted:

> The objective medical evidence contrary to plaintiff's subjective complaints included the following: (1) no "physician has concluded that [Plaintiff's] conditions preclude him from performing any type of work activity"; (2) "no doctor has assessed any degree of restriction involving [Plaintiff's] capacity for sitting or standing"; (3) Plaintiff's examination before Dr. deLuna showed normal reflexes "with no evidence of spasticity and normal muscle strength"; (4) a 2000 MRI revealed "no signs of any cord compression or impingement"; (5) a 2001 EMG revealed "no evidence of peripheral nerve entrapment, neuropathy . . . , or . . . radiculopathy."

*Santiago v. Comm'r of Soc. Sec.*, No. 03-CV-4310 (D.N.J. Sept. 7, 2004) (slip op. at n.4) (alterations in original).

maximum lifting of twenty pounds and frequent lifting of ten pounds.[2]  He concluded that

Santiago retained the RFC to return to his past work, i.e., more specifically, that

Santiago's past work did not require the performance of activities precluded by his

medically determinable impairments.  Finally, the ALJ found it clear that Santiago is

capable of performing the order filler and lead person work that he previously engaged in,

as it is performed in the national economy.  In our view, these conclusions are based on

substantial evidence in the record.

   We have considered Mr. Alter's contention that the ALJ ignored the basic tenets of

our *Cotter* jurisprudence, *see Cotter v. Harris*, 642 F.2d 700, *reh'g denied*, 650 F.2d 481

(3d Cir. 1981), but are constrained to disagree.

   The judgment of the District Court will be affirmed.

---

[2]Some light jobs are performed while standing, and those performed in the seated
position often require the worker to operate hand or leg controls.